J-S21039-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
                Appellee   :
  :
          v.   :
  :
JAY VAL YUNIK,   :
  :
                Appellant   :   No. 1531 WDA 2016

Appeal from the PCRA Order September 1, 2016
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0001000-1999

BEFORE: LAZARUS, DUBOW, AND STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:           **FILED MAY 30, 2017**

Jay Val Yunik (Appellant) appeals from the September 1, 2016 order dismissing his petition for writ of *coram nobis*. We affirm.

As we write for the parties only, a full recounting of the procedural history is not necessary. On June 6, 2000, Appellant pled guilty to one count of rape. On August 29, 2000, Appellant was sentenced to 54 to 180 months' imprisonment. Appellant did not file a direct appeal. During his imprisonment, Appellant filed PCRA petitions in 2001, 2005, 2006, 2007, and 2011, all of which were dismissed.

On July 28, 2016, Appellant, through counsel, filed a petition for writ of *coram nobis* challenging his conviction. On August 3, 2016, the PCRA court issued notice that it was construing his petition as if filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and it

*Retired Senior Judge assigned to the Superior Court.

intended to dismiss the petition without a hearing. Memorandum and Order, 8/3/2016, at 1-2. After considering Appellant's response, the PCRA court dismissed his petition on September 1, 2016, explaining that Appellant was not eligible for relief because he had completed his sentence and he had previously litigated the allegations in prior PCRA petitions dismissed as untimely filed. *Id.* at 2; Order, 9/1/2016, at 1-2. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant asks this Court to determine whether the PCRA court erred by considering Appellant's petition for writ of *coram nobis* as if filed under the PCRA and dismissing the petition because Appellant is no longer serving his sentence. Appellant's Brief at 2.

In determining whether the PCRA court properly characterized Appellant's petition as a PCRA petition, we observe the following.

> The current version of Pennsylvania's [PCRA] explicitly states that it shall be the sole means of obtaining collateral relief and that its provisions encompass[ ] all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*. Under the plain words of the statute, if the underlying substantive claim is one that could **potentially** be remedied under the PCRA, that claim is exclusive to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available.

*Commonwealth v. Pagan*, 864 A.2d 1231, 1232–33 (Pa. Super. 2004) (emphasis added) (internal citations and quotation marks omitted).

Here, Appellant contended he was eligible for a writ of *coram nobis* because (1) "forensic evidence, not admitted at trial, indicated that testing for seminal fluid and hair on the alleged victim and/or her clothing 'yielded no results,'" and (2) "the alleged victim has recanted and … the [c]ourt, the Crawford County DA's office, and various counsel were made aware of this by letter." Petition for Writ of *Coram Nobis*, 7/28/2016, at ¶¶ 7-8. Appellant alleged that these facts constituted "exculpatory evidence … not revealed to him or … admitted at trial." Response to Notice of Intent to Dismiss Petition, 8/29/2016, at ¶ 5. It is unclear why Appellant pled his claim in this manner, as he pled guilty and did not have a trial. However, it appears that Appellant also was attempting to claim that his counsel's concealment of this exculpatory evidence unlawfully induced his guilty plea. Petition for Writ of *Coram Nobis*, 7/28/2016, at ¶ 6.

To the extent Appellant presents a claim of availability of exculpatory evidence, which was unavailable at the time of his guilty plea and which would have changed the outcome of the proceeding if it had been introduced, such claim is cognizable under the PCRA. **See** 42 Pa.C.S. § 9543 (a)(2)(vi). Likewise, to the extent Appellant presents a claim of innocence and unlawful inducement of a guilty plea under circumstances that made it likely that the inducement caused him to plead guilty, such claim is cognizable under the PCRA. **Id.** at § 9543(a)(2)(iii). Accordingly, the PCRA court properly considered Appellant's petition as a PCRA petition.

***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013) ("[A] collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition[.]").

Because Appellant's judgment of sentence became final in 2000, the PCRA court had no jurisdiction to entertain Appellant's petition unless one or more of the three statutory exceptions to the time bar applied. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Taylor***, 933 A.2d 1035, 1038 (Pa. Super. 2007) (holding that the PCRA's "[s]tatutory time restrictions are mandatory and jurisdictional in nature, and may not be altered or disregarded to reach the merits of the claims raised in the petition"). None of the three exceptions was applicable, including the newly-discovered facts exception. To satisfy that exception, the petitioner must plead and prove facts that were unknown to him and could not have been ascertained by the exercise of due diligence. ***See*** 42 Pa.C.S. § 9545(b)(2)(ii). Any petition invoking an exception to the jurisdictional time-bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Although Appellant's petition refers to a forensic test allegedly proving his innocence and a letter allegedly describing the victim's recanting, the petition omits the date of Appellant's discovery of these facts. It is apparent that Appellant has known about both the forensic report and the letter for more than sixty days prior to filing the 2016 petition, as Appellant's 2005, 2006, and 2011 PCRA petitions all include averments regarding the forensic

report and letter. PCRA Petition, 9/9/2005, at 5, 8, 10; PCRA Petition, 2/21/2006, at 2; PCRA Petition, 9/12/2011, at 2-4. Appellant's 2005 and 2006 PCRA petitions even attach the forensic report to the petitions. Thus, Appellant's 2016 petition fails to overcome the jurisdictional time-bar.

In addition, Appellant is not eligible for PCRA relief because he is no longer serving his sentence, even if he is still subject to continuing collateral consequences imposed by the Sex Offender Registration and Notification Act (SORNA). *See* 42 Pa.C.S. § 9543(a)(1); *Commonwealth v. Turner*, 80 A.3d 754, 766 (Pa. 2013) ("[T]he General Assembly, through the PCRA, excluded from collateral review those individuals who were no longer subject to a state sentence…."); *Commonwealth v. Williams*, 977 A.2d 1174, 1175 (Pa. Super. 2009) ("Appellant is not eligible for PCRA relief, despite the requirement that he register under Megan's Law II, [42 Pa.C.S. §§ 9791– 9799.7,] because he is not serving a sentence of incarceration, probation, or parole.")[1]

Appellant contends that, even though he is no longer serving a sentence, the newly-discovered forensic report and letter warrant *coram nobis* relief because the facts were unknown to Appellant while he was serving his sentence, precluding him from prevailing on a PCRA petition.

---

[1] As with SORNA, Megan's Law II required individuals who committed certain sexual offenses to comply with non-punitive registration, notification, and counseling requirements. *Commonwealth v. Price*, 876 A.2d 988, 992 (Pa. Super. 2005); *Commonwealth v. Perez*, 97 A.3d 747, 758 (Pa. Super. 2014).

- 5 -

Appellant's Brief at 7, 9. As described above, Appellant was aware of the report and letter during his incarceration. Moreover, Appellant acknowledges that our Supreme Court has held that when a petitioner's claim is cognizable under the PCRA, the PCRA is the exclusive method by which the petitioner may obtain relief, even if a petitioner's particular claim lacked merit. ***Commonwealth v. Descardes***, 136 A.3d 493, 502-03 (Pa. 2016). We are bound by our Supreme Court's ruling on this issue.

Accordingly, the trial court did not err in denying Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/30/2017